[Cite as *State v. Sheets*, 2020-Ohio-6801.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 2020CA00056 |
| MIA SHEETS | |
| Defendant-Appellant | O P I N IO N |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Stark County Court of Common Pleas, Case No. 2019CR2081 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | December 17, 2020 |

APPEARANCES:

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| JOHN D. FERRERO<br>Prosecuting Attorney<br>Stark County, Ohio | KENNETH W. FRAME<br>Stark County Public Defender<br>201 Cleveland Avenue, S.W., Ste. #104<br>Canton, Ohio  44702 |
| KRISTINE W. BEARD<br>Assistant Prosecuting Attorney<br>Appellate Section<br>110 Central Plaza, South, Suite #510<br>Canton, Ohio  44702-1413 | |

*Hoffman, P.J.*

{¶1} Defendant-appellant Mia Sheets appeals her conviction and sentence entered by the Stark County Court of Common Pleas, on one count of trafficking in drugs, after the trial court found her guilty following its acceptance of her no contest plea. Plaintiff-appellee is the state of Ohio.

### STATEMENT OF THE CASE AND FACTS

{¶2} On November 13, 2019, the Stark County Grand Jury indicted Appellant on one count of trafficking in drugs, in violation of R.C. 2925.03(A)(1)(C)(2)(a), a felony of the fifth degree. Appellant appeared before the trial court for arraignment on December 13, 2019, and entered a plea of not guilty to the Indictment.

{¶3} Appellant filed a motion to suppress on January 6, 2020. Therein, Appellant argued the officer did not have probable cause to effectuate the traffic stop pursuant to R.C. 4503.21(A)(2) [unsecured license plate] as the officer did not observe her license plate swing. The trial court conducted a hearing on the motion on January 20, 2020. The following evidence was adduced at the hearing:

{¶4} Alliance Police Officer Christopher McCord testified he was on routine patrol on September 26, 2019, when he observed a dark colored Dodge Avenger traveling northbound on South Union Avenue in Alliance, Stark County, Ohio. Officer McCord followed the Avenger for approximately one-half mile, during which time he noticed the rear license plate was attached with only one bolt in the upper left corner. The officer initiated a stop due to the claimed license plate violation, explaining the plate "had already swung or kind of fell, with the top right falling down, it wasn't secured." Transcript of Suppression Hearing at 7. Officer McCord also noticed the license plate was stopped

from slanting down any further because of the indents in the license plate bracket area of the vehicle.

**{¶5}** The state played video footage from Officer McCord's body camera. Officer McCord described what was depicted in the video. Officer McCord noted Appellant "push[ed] the sagging part [of the license plate] back up to line up the holes," adding "the only reason it didn't swing further was the actual, the way the small area for the license plate is, when that right corner hit the side bracket of the bumper, that's the only thing that prevented it from swinging further down." at 11-12.

**{¶6}** Via Judgment Entry filed January 21, 2020, the trial court denied Appellant's motion to suppress. Appellant appeared before the trial court on January 30, 2020, withdrew her former plea of not guilty, and entered a plea of guilty to one count of trafficking in drugs. The trial court accepted Appellant's plea and found her guilty as charged. Appellant waived her pre-sentence investigation. The trial court sentenced Appellant to community control for a period of three years and ordered her to pay costs and restitution.

**{¶7}** It is from her conviction and sentence Appellant appeals, raising the following assignment of error:

THE TRIAL COURT COMMITTED ERROR WHEN IT FAILED TO GRANT DEFENDANT-APPELLANT'S MOTION TO SUPPRESS.

I

**{¶8}** There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. *State v. Fanning*, 1 Ohio St.3d 19, 437 N.E.2d 583 (1982); *State v. Klein*, 73 Ohio App.3d 486, 597 N.E.2d 1141(1991); *State v. Guysinger*, 86 Ohio App.3d 592, 621 N.E.2d 726(1993). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. *State v. Williams*, 86 Ohio App.3d 37, 619 N.E.2d 1141 (1993). Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry*, 95 Ohio App.3d 93, 641 N.E.2d 1172 (1994); *State v. Claytor*, 85 Ohio App.3d 623, 620 N.E.2d 906 (1993); *Guysinger, supra.* As the United States Supreme Court held in *Ornelas v. U.S.*, 517 U.S. 690, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911 (1996), "... as a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal."

**{¶9}** When ruling on a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and to evaluate the credibility

of witnesses. See *State v. Dunlap,* 73 Ohio St.3d 308, 314, 1995–Ohio–243, 652 N.E.2d 988; *State v. Fanning*, 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982).

{¶10} Officer McCord stopped Appellant's vehicle for a violation of R.C. 4503.21(A), which provides:

No person who is the owner or operator of a motor vehicle shall fail to display in plain view on the front and rear of the motor vehicle the distinctive number and registration mark, including any county identification sticker and any validation sticker issued under sections 4503.19 and 4503.191 of the Revised Code, furnished by the director of public safety * * *. All license plates shall be securely fastened so as not to swing, and shall not be covered by any material that obstructs their visibility.

{¶11} Appellant asserts Officer McCord did not have probable cause to believe a traffic violation had occurred. Appellant submits the evidence reveals the officer did not observe the license plate swing while the vehicle was in motion, rather Officer McCord only saw the plate move after he effectuated the stop and Appellant herself moved the plate with her hand. Appellant relies on this Court's opinion in *State v. Culberson,* 197Ohio App.3d 705, 2012-Ohio-448, 968 N.E.2d 597 (5th Dist.), in support of her position because the license plate on her vehicle was not swinging, there was no violation of the statute; therefore, the stop was unlawful.

{¶12} In *Culberson,* this Court addressed the issue of whether an officer had reasonable grounds to stop a vehicle and temporarily detain the driver to investigate. In

that case, Lt. Nakia Hendrix of the Ohio State Highway Patrol was on his way to work when he passed a vehicle with West Virginia license plates. *Id.* at ¶ 2. The patrolman noticed the rear plate was canted as it was affixed by only one screw in the upper corner. *Id.* After allowing the vehicle to pass him, Lt. Hendrix initiated a traffic stop based upon the license plate violation. *Id.* Lt. Hendrix discovered the driver, Culberson, did not have a driver's license and the vehicle did not belong to him. *Id.* at ¶ 3. Lt. Hendrix arranged for the vehicle to be towed after he was unsuccessful in his attempt to contact the vehicle's owner. *Id.* During the administrative inventory of the vehicle, Lt. Hendrix located contraband in the trunk. *Id.* As a result, Culberson was indicted on one count of possession of drugs, in violation of R.C. 2925.11(A)(C)(3)(d). *Id.* at ¶ 4.

**{¶13}** Culberson filed a motion to suppress, alleging Lt. Hendrix lacked a reasonable suspicion of criminal activity to stop the vehicle. *Id.* Following a hearing, the trial court granted the motion to suppress, finding "a law enforcement officer in Ohio does *not* have sufficient, legal probable cause to effect a traffic stop of a motor vehicle whose license plate(s) is/are securely fastened, to the extent that the plate(s) is/are not in the actual act of 'swinging.' " Id. at ¶ 5-6. The state appealed.

**{¶14}** In affirming the trial court's decision, the majority of this Court in *Culberson* discussed the case relied upon by the trial court in the case sub judice, *State v. Dickerson*, 179 Ohio App.3d 754, 2008-Ohio-6544. The majority in *Culberson* quoted the distinction drawn by the trial court from the *Dickerson* case where the license plate was "resting" on the vehicle bumper, and "able to swing." As pointed out by Judge Edwards in her dissent in *Culberson*, the trial court further distinguished *Dickerson* because Culberson's license place was "lodged" against the bumper, "**preventing** it from continued swinging."

(Emphasis added). Judge Edwards noted the license plate's "potential to swing" in concluding the trial court in *Culberson* erred in suppressing the evidence of drugs.

{¶15} We disagree with Judge Edwards' conclusion whether the license plate was lodged and prevented from continued swinging versus merely resting on the bumper with the potential to swing is a "distinction without a difference." It appears in the case sub judice, Appellant's license plate was not lodged and prevented from swinging as was the case in *Culberson*, but was stopped from slanting down any further because of the indents in the license plate bracket (more analogous to "resting" as compared to "lodged") and had the potential to swing as demonstrated by Appellant's being able to put the license plate back up.

{¶16} The trial court herein recognized this same distinction in its analysis in denying Appellant's motion to suppress. We agree with the trial court's analysis.

{¶17} Appellant's assignment of error is overruled. The judgment of the trial court is affirmed.


By: Hoffman, P.J.
Wise, John, J. and
Delaney, J. concur